# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**BETTY DUNN**                                               CIVIL ACTION

**VERSUS**                                                   No. 25-125

**ACE INSURANCE COMPANY
OF THE MIDWEST**                                             SECTION I

### ORDER AND REASONS

Before the Court is defendant ACE Insurance Company of the Midwest's ("defendant") motion[1] to dismiss plaintiff Betty Dunn's ("plaintiff") complaint[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response[3] in opposition, and defendant filed a reply.[4] For the reasons that follow, the Court denies defendant's motion to dismiss.

## I. BACKGROUND

This case arises out of a homeowner insurance coverage dispute regarding a property at 4522 Marais Street, New Orleans, Louisiana ("the property") after the property was "substantially destroyed" by a fire on March 4, 2024.[5] Plaintiff states that certain insurance policies obligated defendant "to insure personal property, unscheduled contents, scheduled contents, and itemized valuables" located at the

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 1.
[3] R. Doc. No. 15.
[4] R. Doc. No. 16.
[5] R. Doc. No. 1, ¶ 1.

property.[6] The complaint alleges however that defendant "improperly and in bad faith attempted to cancel the policy after collecting and holding the premiums."[7]

In particular, plaintiff's complaint alleges that she obtained a home insurance policy ("the home policy") providing coverage from January 30, 2024 through January 30, 2025.[8] The home policy covered personal property, coverage for building additions and alterations, and coverage for the contents at the property.[9] She also obtained a jewelry insurance policy ("the jewelry policy") with coverage for the same dates as the home policy.[10] Both polices provided coverage for "fire, theft, and other perils."[11]

On March 4, 2024, plaintiff states that the property and its contents were either substantially or completely destroyed.[12] The complaint alleges various ways in which plaintiff and her family communicated with defendant regarding the claim. Plaintiff states that, on March 15, 2024, defendant sent plaintiff a letter stating that an additional 5% deductible would be applied because the property was vacant and that plaintiff met with defendant during that same week to answer questions regarding the claim.[13] Plaintiff states that her family continued to speak with defendant's third-party adjusters, who completed a damages itemization suggesting that plaintiff was due a net payment of $94,767.84 for her "non-scheduled, non-

---

[6] *Id.*
[7] *Id.* (internal quotation omitted).
[8] *Id.* ¶ 8.
[9] *Id.* ¶ 9.
[10] *Id.* ¶ 11.
[11] *Id.* ¶¶ 9, 12.
[12] *Id.* ¶ 14.
[13] *Id.* ¶¶ 15–16.

itemized personal property contents."[14] Plaintiff's own appraisal and contents itemization allegedly revealed that the unscheduled, destroyed contents had a value of $165,605.50.[15] She states that she believes she is due additional money for scheduled and itemized content as well as clear-out and disposal fees and itemization services.[16]

Despite these losses, plaintiff asserts that defendant refused to pay amounts due.[17] Instead, defendant allegedly attempted to convince her that she never had coverage at all and to repay her the premiums she had paid to avoid paying on the policies.[18] Plaintiff contends that, while defendant states that it received plaintiff's policy premium check after it was due, defendant nevertheless deposited the check and issued the policy.[19] Plaintiff thereby brings claims for breach of the home and jewelry policies and for bad faith failure to pay the claims.[20]

In the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant argues that plaintiff's claims must be dismissed because plaintiff has failed to comply with the terms of the policies "by failing to provide [defendant] with requested information about the insurance claim . . . and by refusing to participate in an Examination Under Oath."[21] Defendant also contends that, prior to the date of

---

[14] *Id.* ¶¶ 17–18.
[15] *Id.* ¶ 19.
[16] *Id.* ¶¶ 20–21.
[17] *Id.* ¶ 23.
[18] *Id.*
[19] *Id.* ¶ 24.
[20] *Id.* ¶¶ 32–50.
[21] R. Doc. 10-1, at 1.

loss, defendant sent a notice of cancellation for nonpayment, and the policy was cancelled.[22] However, defendant states that it did not send the cancellation until after plaintiff submitted her claim.[23] Defendant also argues that plaintiff's claims for bad faith must fail because there is a legitimate dispute as to coverage pursuant to the policy.[24] Lastly, defendant states that it believes that plaintiff has passed away and argues that she therefore does not have the capacity to bring this lawsuit.[25]

Plaintiff's response argues, among other things, that defendant's motion impermissibly relies on extrinsic documents that seek to contradict the allegations in the complaint.[26] Regarding plaintiff's capacity to bring suit, plaintiff argues that there is no suggestion that she lacked capacity to bring this lawsuit at the time it was filed.[27] Plaintiff's response neither confirms nor denies plaintiff's death, but it argues that the appropriate way to address a post-filing death is through Federal Rule of Civil Procedure 25 rather than Rule 12(b)(6).[28]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the

---

[22] *Id.* at 2.
[23] *Id.*
[24] *Id.* at 23.
[25] *Id.* at 3.
[26] R. Doc. No. 15, at 7–9.
[27] *Id.* at 16.
[28] *Id.* at 17.

4

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "When a party bases a motion to dismiss on matters outside the pleadings, the court has discretion either to accept the extraneous material and convert the motion to dismiss into a motion for summary judgment, or to decide the motion, as defendant styled it, under the principles of Rule 12(b)(6)." *McDonald v. Kansas City S. Ry. Co.*, No. 16-15975, 2017 WL 1709353, at *2 (E.D. La. May 3, 2017) (Vance, J.).

### III.  ANALYSIS

The Court first addresses whether plaintiff has the capacity to bring this lawsuit. The Court next addresses whether plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6).

### a. Capacity To Sue

Regarding plaintiff's capacity to sue, defendant states that "[u]pon information and belief, [p]laintiff is now deceased and therefore lacks the requisite capacity necessary to file suit."[29] Defendant submits no evidence in support of this contention. However, it bases its belief on the allegation that plaintiff has executed a power of attorney and, "to [d]efendant's knowledge, was in end-of-life care at the time of the filing of suit."[30] Defendant does not suggest that plaintiff's claims are ones that must be extinguished after death.

Because defendant does not appear to challenge plaintiff's capacity at the time that she filed her lawsuit, plaintiff states that the only issue is whether plaintiff died after filing.[31] Accordingly, plaintiff argues that Rule 25(a) contains the proper procedure to address the death of a party.[32] Plaintiff's response, however, neither admits nor denies that plaintiff has died. Instead, plaintiff suggests that "if [d]efendant has confirmed [plaintiff's] subsequent death through death certificate, the same should be filed into the record" as a statement noting death after which plaintiff would have 90 days to make a motion to substitute another party.[33]

Rule 25(a) states that when a party dies and the claim is not extinguished, a statement noting death must be served on parties in accordance with Rule 5 and on non-parties in accordance with Rule 4. Fed. R. Civ. P. 25(a). Following the service of

---

[29] R. Doc. No. 10-1, at 22.
[30] *Id.*
[31] R. Doc. No. 15, at 17.
[32] *Id.*
[33] *Id.* (citing Fed. R. Civ. P. 25(a)).

7

the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed. Fed. R. Civ. P. 25(a)(1). However, "[a] motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death." Fed. R. Civ. P. 25(a) advisory committee's note to 1963 amendment.

"Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25." *Sampson v. ASC Industries*, 780 F.3d 679, 681 (5th Cir. 2015). "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Id.* (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)). "Service of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is." *Id.*

Pursuant to Rule 25(a), the estate and heirs of a deceased party are "not required by the rule to act affirmatively to subject themselves to possible liability or to call to [a party's] attention that [the party] failed to act on the information they had of the fact of . . . death." *See Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970). Nor are non-parties who are successors in interest required to intervene or seek dismissal as to the decedent. *See id.*

Rule 25 contains the appropriate procedure for dismissal following the post-filing death of a party. In this case, no statement noting death appears to have been served on plaintiff or the representative of plaintiff's estate. Without such a

8

statement, the 90-day period to supplement a party cannot begin to run. Dismissal is appropriate only if, after this 90-day period has run, no motion to substitute a proper party is filed.

However, the Court cannot condone plaintiff's lack of candor regarding her status, and it advises that it is in plaintiff's interest to be forthright. Rule 25(a)(1) gives courts discretion with respect to whether to grant a motion to substitute by stating that the court "*may* order substitution of the proper party." *See* Fed. R. Civ. P. 25(a)(1) (emphasis added); *see also Cheramie v. Orgeron*, 434 F.2d 721, 723–24 (5th Cir. 1970) (noting that "a court could, but was not required to, allow substitution"). Indeed, a motion to substitute "may be denied by the court in the exercise of a sound discretion if made long after the death—as can occur if the suggestion of death is not made or is delayed—and circumstances have arisen rendering it unfair to allow substitution." Fed. R. Civ. P. 25(a) advisory committee's note to 1963 amendment (citing *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (noting that settlement and distribution of the state of a deceased defendant might be so far advanced as to warrant denial of a motion for substitution)). Plaintiff "should not assume that [she] can rest indefinitely awaiting the suggestion of death before [she] makes [her] motion to substitute." *See id.*

### b. Claims in the Complaint

Defendant's argument regarding why the claims in the complaint should be dismissed on their merits concerns plaintiff's alleged failure to comply with conditions of the policy. Defendant argues that plaintiff materially breached the cooperation

9

clause in the policy by failing to provide certain requested information and by refusing to submit to an examination under oath.[34] Defendant likewise argues that plaintiff's bad faith claim must also fail because there is a legitimate dispute as to coverage pursuant to the policy.[35] Defendant argues that it has sought to investigate the claim and whether the policy provides coverage for the claimed damage—efforts that have allegedly been thwarted by plaintiff's failure to cooperate.[36]

In making this argument, defendant relies on several documents external to the complaint. Defendant maintains, however, that these documents are properly considered as part of defendant's Rule 12(b)(6) motion because the documents are referenced in the complaint.[37] Plaintiff argues in response that considering these documents is inappropriate on a Rule 12(b)(6) motion because the documents cited by defendant are not incorporated by reference or central to plaintiff's complaint.[38]

While courts are ordinarily prohibited from considering documents extrinsic to the complaint on a motion to dismiss, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (alteration in original) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the

---

[34] R. Doc. No. 10-1, at 1.
[35] *Id.* at 23–25.
[36] *Id.* at 24–25.
[37] *Id.* at 12–13.
[38] R. Doc. No. 15, at 7–9.

10

suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

"Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Orellana v. Terrebonne Par. Consol. Govt.*, No. CV 18-11673, 2019 WL 6036711, at *2 (E.D. La. Nov. 14, 2019) (Milazzo, J.) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 661–62 (N.D. Tex. 2011)). "If the document is merely evidence of an element of a plaintiff's claim, the court may not consider the document as part of the pleading." *Id.*

Defendant does not address why each of the exhibits attached to the motion to dismiss are central to plaintiff's claims. Instead, defendant seemingly argues that such exhibits are properly considered if they are referenced in the complaint and "potentially relevant to the dispute at issue."[39] Mere relevance, however, does not establish that a document should be considered as part of the pleadings.

While the Court independently concludes that the insurance policies are referenced by the complaint and central to plaintiff's claims,[40] the Court cannot independently conclude that any of the other documents attached to defendant's motion are central to plaintiff's complaint. These other documents include emails

---

[39] R. Doc. No. 16, at 1.
[40] *See New Orleans Priv. Patrol Serv., Inc. v. Corp. Connection, Inc.*, 239 So. 3d 480, 484 (La. Ct. App. 2018) ("The first element of a breach of contract claim requires that the parties have a contractual relationship.").

11

exchanged by the parties related to the claim[41] and various letters concerning cancellation of the policies.[42] After review, the court concludes that these documents are not the kind that "merely assist[ ] the plaintiff in establishing the basis of the suit." *See Collins*, 224 F.3d at 499. Instead, these documents amount to evidence that may be appropriately considered at trial or on a motion for summary judgment. Because defendant's arguments rely on more than just the text of the policies, the Court will not dismiss plaintiff's complaint pursuant to Rule 12(b)(6).

The Court likewise concludes that converting defendant's motion into a motion for summary judgment would be premature. This matter is still in the early stages of litigation. Defendant has not filed an answer, and the discovery deadline for this matter is months away.[43] Given the factual nature of defendant's arguments and the limited and incomplete record with respect to the claims asserted in this matter, the Court declines the opportunity to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d).

### IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that, if plaintiff is deceased, counsel for plaintiff is ordered to file a statement noting death into the record by **April 24, 2025**.

---

[41] *See* R. Doc. No. 10-2; R. Doc. No. 10-6; R. Doc. No. 10-7; R. Doc. No. 10-10.
[42] *See* R. Doc. No. 10-3; R. Doc. No. 10-8; R. Doc. No. 10-9.
[43] *See* R. Doc. No. 13, at 2 (scheduling order).

**IT IS FURTHER ORDERED** that, if plaintiff is deceased, counsel for plaintiff is ordered to serve the representatives of plaintiff's estate with its statement noting death by **May 15, 2025**. Said deadline may be extended for good cause shown.

New Orleans, Louisiana, April 16, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**